IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 23, 2010

**KENNETH L. STOREY v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Knox County**
**No. 88405      Richard R. Baumgartner, Judge**

_____

**No. E2009-00767-CCA-R3-PC - Filed July 14, 2010**
_____

The Petitioner, Kenneth L. Storey, filed in the Knox County Criminal Court a pro se
"Application for Post-Conviction or Habeas Corpus Relief," alleging that his sentence was
void because the trial court did not follow the dictates of Blakely v. Washington, 542 U.S.
296 (2004). The post-conviction court dismissed the petition, finding that it was filed outside
the statute of limitations. On appeal, the petitioner challenges the post-conviction court's
ruling. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON,
P.J., and D. KELLY THOMAS, JR., J., joined.

Steve Sams (on appeal) and Joseph Liddell Kirk (at trial), Knoxville, Tennessee, for the
appellant, Kenneth L. Storey.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney
General; Randall E. Nichols, District Attorney General; and Ta Kisha M. Fitzgerald,
Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

At trial, the Petitioner, who represented himself, was convicted of aggravated rape and
received a twenty-five-year sentence. State v. Kenneth Storey, No. 03C01-9805-CR-00173,
1999 WL 894608, at *1 (Tenn. Crim. App. at Knoxville, Oct. 19, 1999). During the trial, the
victim testified that the Petitioner "struck her in the face, pushed her into some bushes, and

forcibly removed her clothing." Id. The Petitioner raped the victim as he "choked and beat her and said he would be her 'pimp' and would 'teach . . . all bitches about being on the street. . . .'" Id. The Petitioner put a bag over the victim's head, placed a knife against her throat, and raped her again as she begged for her life. Id. On October 19, 1999, this court affirmed the conviction, and on February 28, 2000, our supreme court denied the Petitioner's application for permission to appeal.

On January 17, 2008, the Petitioner filed a motion styled "Application for Post-Conviction or Habeas Corpus Relief." The Petitioner alleged that his motion was "being made in accordance to the 'new rule of law'" established by State v. Gomez, 239 S.W.3d 733 (Tenn. 2007) ("Gomez II"). The Petitioner asserted that Gomez II "was not in existence during the time-limitations for filing a petition for post-conviction relief . . . ." The Petitioner maintained that the trial court imposed the maximum sentence of twenty-five years for his Class A felony conviction in violation of Blakely v. Washington, 542 U.S. 296 (2004), and that his sentence was therefore void.

The post-conviction court appointed counsel to represent the Petitioner. At a brief hearing, counsel told the post-conviction court that he was unable to find a basis on which to file an amended post-conviction petition. Counsel stated that the Petitioner wanted counsel removed and that the Petitioner wanted to proceed pro se. Both counsel and the post-conviction court explained to the Petitioner that his post-conviction petition had been filed outside the statute of limitations and that he was not entitled to the retroactive application of Blakely. The post-conviction court denied the petition, and the Petitioner now appeals, contending that the trial court violated the dictates of Blakely and Cunningham v. California, 549 U.S. 270 (2007), by applying enhancement factors not found by a jury in imposing his sentence.

## II. Analysis

Generally, "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). However, to obtain relief,

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102(a) (2006); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Tenn. Code Ann. § 40-30-102(a).

Clearly, the post-conviction petition was filed well outside the one-year statute of limitations. Accordingly, the post-conviction court correctly dismissed the petition as untimely. Nevertheless, the petitioner maintains that the statute of limitations should be tolled because Blakely, Cunningham, and Gomez II had not been filed before the statute of limitations for filing his post-conviction petition expired. In the alternative, the Petitioner asserts that because his sentence was enhanced by the use of enhancement factors not found by a jury, his sentence is therefore void, making it subject to habeas corpus relief.

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citation omitted).

This court has held that Blakely did not create a new rule of law entitled to retroactive application on collateral review. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at **9-10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004). Further, even a valid Blakely claim renders a conviction voidable, not void, and is therefore not cognizable in a habeas corpus claim. See Ulysses Richardson v. State, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162, at *3 (Tenn. Crim. App. at Jackson, May 24, 2007). In sum, because this court has stated that Blakely and its progeny "did not announce a new rule of law and are not, therefore, subject to retroactive application," the Petitioner was not entitled to either post-conviction or habeas corpus relief due to any alleged Blakely errors. Christopher N. Orlando v. State, No. M2008-01621-CCA-R3-PC, 2010 WL 10967, at *3 (Tenn. Crim. App. at Nashville, Jan. 4, 2010). Therefore, the post-conviction court did not err in dismissing the petition.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE